UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BURTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER JIMENEZ, et al.,<br><br>    Defendants. | No. 2:19-cv-1461 AC<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff, an inmate at CSP-Sacramento, brings suit against thirteen named individuals and 50 Doe defendants. The complaint alleges in sum as follows. On May 21, 2018, plaintiff was handcuffed and then assaulted by Correctional Officers Jimenez, Troth, Orpesa and Chavez. Plaintiff was punched in the face, slammed to the ground, and kicked in the head. Afterward, plaintiff was taken to the Medical Technical Assistant station, where nurses Omelchuk, Sajonas, and Doe 50 cleaned him up but denied his requests to see a doctor. Later, after plaintiff had been taken to a holding cage and then returned to the MTA, a doctor ordered x-rays. The next day, nurse Joseph refused plaintiff's request to see the doctor. Ever since plaintiff wrote up the excessive force issue, he has been denied adequate medical care.

In late October 2018, Correctional Officer Doe 1 "tried luring Plaintiff out of his cell by asking if he wanted to attend his 602 hearing." ECF No. 1 at 4. On an unspecified date or dates, medical staff identified only as Does 2-49 refused to see plaintiff for a cut on his arm. On an unspecified date, Correctional Officer Katz pepper-sprayed plaintiff after plaintiff said he felt suicidal. On an unspecified date, Correctional Officer Reif "denied Plaintiff's request to see the mental health doctor because he was writing too many grievances ('602's')." Id. at 5.

////

3

Warden Baughman and CEO Felder supervised and retained the other named defendants.

In relation to the various state law claims presented in the complaint, plaintiff alleges that he timely filed a claim with the California Government Claims Board pursuant to the state's Government Claims Act.

### IV. Claims for Which a Response Will Be Required

The following claims are sufficiently supported by factual allegations to proceed: Claim One (Battery) against Officers Jimenez, Troth, Orpesa and Chavez only; and Claim Two (Excessive Force in Violation of Eighth Amendment) against Officers Jimenez, Troth, Orpesa, and Chavez only.

### V. Failure to State a Claim

#### A. Claims One (Battery) and Two (Excessive Force) Against Officer Katz

Under California law, a claim against a law enforcement officer for assault and battery is stated by allegations that the officer used unreasonable force, causing injury or other harm to plaintiff. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001) (citations omitted). The beating that plaintiff alleges receiving from Officers Jimenez, Troth, Orpesa and Chavez readily meets this standard, because enough facts are presented to show that force was used unreasonably. As to Officer Katz, however, the mere fact that he used pepper spray on an unspecified occasion in unspecified circumstances is not enough. The only contextual fact provided is that plaintiff had stated he was feeling suicidal. Without more, this is not enough to show that Katz acted unreasonably. Plaintiff cannot state a claim for battery without explaining the context in which the pepper spray was used, and identifying the circumstances which made the use of force unreasonable.

The Eighth Amendment prohibits the use of excessive physical force against prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive,

courts look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321).

Plaintiff's Eighth Amendment excessive force claim is adequately pled against Officers Jimenez, Troth, Orpesa and Chavez because the factual allegations regarding the beating support an inference of malicious intent to cause harm. Such allegations are absent as to Officer Katz, however. Plaintiff provides no facts regarding the circumstances of the pepper spray incident which show that Katz's purpose was to cause harm rather than to maintain or restore discipline, or that otherwise adequately allege that the force used was excessive in the constitutional sense.

B. Claim Three: Negligence

Plaintiff sets forth a negligence claim against nurses Omelchuk, Joseph, Sajonas, and Doe 50 for failing to let plaintiff see a doctor when he asked after the beating, and against Officer Reif for failing to let plaintiff see a mental health doctor on an unspecified date after plaintiff said he felt suicidal. ECF No. 1 at 9. The elements of a negligence cause of action under California law are: "(1) a legal duty to use due care; (2) a breach of such legal duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Megargee v. Wittman, 550 F. Supp. 2d 1190, 1209 (E.D. Cal. 2008) (citations omitted).

Assuming that all defendants owed a duty of care to plaintiff, the facts of the complaint are insufficient to demonstrate either a breach or resulting injury. Plaintiff's allegations in this regard are entirely conclusory. The complaint indicates that plaintiff did see a doctor on the same day that he was injured, and there are no facts demonstrating that any delay caused by the nurses was medically unreasonable or caused any further injury. The incident involving Officer Reif is not detailed at all; there are no facts presented which would indicate that the failure to secure mental health services for plaintiff at the time of the encounter was unreasonable or caused injury.

////

////

C. Claim Four: Deliberate Indifference to Medical Needs

This claim is stated against nurses Omelchuk, Joseph, Sajonas, and Doe 50 for failing to have plaintiff evaluated by a doctor immediately after the alleged beating. Inadequate medical care violates the Eighth Amendment when the acts and omissions of prison officials are "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff's allegations must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 299 (1991). The requisite state of mind. "deliberate indifference," is more than negligence or medical malpractice. Farmer v. Brennan, 511 U.S. 825, 835-837 (1994). Deliberate indifference is established only where the defendant subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Plaintiff must plead facts demonstrating both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Deliberate indifference is a much higher standard than negligence; plaintiff's failure to allege facts sufficient to support a negligence claim against the nurses means that his Eighth Amendment claim also fails. To state a claim, plaintiff must state specific facts which show not only deficient medical care but a culpable state of mind on the part of each defendant. Plaintiff must plead facts demonstrating that each nurse was aware that their failure to immediately get a doctor posed an excessive risk to plaintiff's health and safety, and that they did so with an understanding of the likely consequences. Plaintiff must also plead facts showing harm from the delay. No such facts are alleged here.

D. Claim Five: Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations

omitted). A retaliation claim is not cognizable without allegations that plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating" factor for the defendant's challenged conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287 (1977)).

Plaintiff alleges first that Doe 1 retaliated against him by trying to "lure" him out of his cell "under the guise of attending a grievance hearing." ECF No. 1 at 11. There is no adverse action identified here, and no facts indicating that Doe 1 did anything with retaliatory intent. Plaintiff alleges next that Does 2 through 49 retaliated against plaintiff "by denying him medical treatment in response to him filing grievances, notably when refusing to see him for a cut on his arm." Id. Denial of medical care can be considered an adverse action, but plaintiff's allegation of retaliatory animus is entirely conclusory. Plaintiff must specify the facts that show the denial of medical care was motivated by the desire to retaliate for filing grievances. Such allegations are required as to each individual defendant. Finally, plaintiff alleges that Officer Reif retaliated by refusing to let plaintiff see the mental health doctor when feeling suicidal. Id. No facts are provided that show retaliatory intent on the part of Officer Reif. The complaint also fails to allege facts showing any chilling effect on plaintiff's First Amendment rights from any defendant's actions. This claim therefore fails as to all defendants.

E. Claim Six: Bane Act

Claim Six rests on the same sparse factual allegations that are stated in support of Claim Five, alleged here to violate California Civil Code § 52.1. ECF No. 1 at 11-12. That statute, known as the Bane Act, serves as a state law remedy for constitutional or statutory violations accomplished through intimidation, coercion, or threats. Cal. Civ. Code § 52.1. Although analogous to § 1983, it is not tantamount to a § 1983 violation, requiring more than evidence of a violation of rights. Davis v. City of San Jose, 69 F. Supp. 3d 1001, 1007 (N.D. Cal. 2014); see also Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883 (2007) ("The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law."). There are no allegations here of conduct amounting to threats,

intimidation, or coercion. And for the reasons explained in relation to Claim Five, there are no allegations demonstrating an underlying denial of plaintiff's First Amendment rights.

### F. Claim Seven: Negligent Retention/Supervision

Claim Seven seeks to hold Warden Baughman and CEO Felder liable for all incidents giving rise to plaintiff's other claims, on grounds that Baughman and Felder were responsible for the retention and supervision of all other defendants. ECF No. 1 at 13. A cognizable claim for negligent supervision and training under California law is stated when it is adequately alleged that an employer negligently trained their employee as to the performance of the employee's job duties and, as a result, the employee caused injury to the plaintiff. See Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 627 F. Supp. 2d 1187, 1206-07 (E.D. Cal. 2009). Here the allegations of negligent supervision and retention are entirely conclusory, and are based only on the positions held by the warden and CEO. There are no allegations regarding specific supervisory acts that caused injury to the plaintiff. Accordingly, Claim Seven fails to state a claim for relief.

### G. Claim Eight: Section 1983 Supervisory Liability

Claim Eight also seeks to hold Warden Baughman and CEO Felder liable for the acts of the other defendants on a supervisory liability theory. There is no *respondeat superior* liability under § 1983. Iqbal, supra, 556 U.S. at 676. To establish supervisory liability, plaintiff must show facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). There are no such factual allegations here.

## VI. Leave to Amend

For the reasons set forth above, the court finds that Claims One and Two do not lie against Officer Katz, and that Claims Three through Eight are not supported by facts sufficient to state claims for relief against any defendant. However, plaintiff may be able to allege additional facts to remedy these defects, and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Jimenez, Troth, Orpesa and Chavez on Claims One (battery) and Two (excessive force), or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his excessive force and battery claims as screened herein, without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You have stated a claim against Officers Jimenez, Troth, Orpesa and Chavez for battery (Claim One) and for excessive force in violation of the Eighth Amendment (Claim Two). You may proceed against these defendants.

However, the facts in the complaint are not enough to proceed against Officer Katz on Claims One and Two. You have not explained what was going on when he used pepper spray against you, so the court cannot say that they facts if true would amount to unreasonable or malicious use of force.

Your other claims against all other defendants do not state claims for relief. You have not provided facts that show you were harmed by delays in seeing a doctor, or that anyone who delayed your care did so knowing that their actions created an excessive risk to your health and safety; you have not provided facts that show anyone did anything improper to you because of your grievances; and you have not shown that the warden or CEO did specific things as warden or CEO that caused any other defendant to violate your rights.

You have a choice to make. You may either (1) proceed immediately on Claims One and Two against Officers Jimenez, Troth, Orpesa and Chavez only, and voluntarily dismiss the other claims and defendants; or (2) try to amend the complaint to fix some of your other claims against other defendants. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice Claims Three through Eight and all defendants other than Jimenez, Troth, Orpesa and Chavez.

If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the

////

notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The court has screened the complaint pursuant to 28 U.S.C. § 1915A and finds that Claims One (state law battery) and Two (Eighth Amendment excessive force) state claims for relief against Officers Jimenez, Troth, Orpesa and Chavez only, but do not state claims against Officer Katz. All other claims against all other defendants fail to state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on Claims One and Two against the specified defendants, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims here found insufficient to proceed.

DATED: May 17, 2021

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BURTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER JIMENEZ, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1461 AC<br><br><u>PLAINTIFF'S NOTICE ON HOW TO PROCEED</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on Claim One (battery) and Claim Two (excessive force) against defendants Jimenez, Troth, Orpesa and Chavez only without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all his claims against all other defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　KENDALL BURTON
　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1