UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BURTON,<br><br>    Plaintiff,<br><br>    v.<br><br>JIMENEZ, et al.,<br><br>    Defendants. | No. 2:19-cv-1461 JAM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding in forma pauperis and with counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302

Before this court are plaintiff's objections to the magistrate judge's findings and recommendations issued June 6, 2021, and plaintiff's corrected proposed order requesting that his objections to the magistrate judge's recommendations be "sustained." See ECF Nos. 12, 13. Within plaintiff's objections is also a request for an extension of time to file his notice on how to proceed in this action.[1] See ECF No. 12 at 3-6.

////

---

[1] The court acknowledges that plaintiff's notice on how to proceed was subsequently late-filed on June 16, 2021. See ECF No. 14. In it, plaintiff's attorney, Benjamin Rudin, states that plaintiff wishes to amend the complaint if his extension of time request is granted. See id. at 2.

1

For the reasons stated below, the court will not adopt the magistrate judge's findings and recommendations. Plaintiff's motion for an extension of time to file his notice on how to proceed on the grounds of "excusable neglect" permitted under Federal Rule of Civil Procedure 6(b)(1)(B) will be denied. Instead, in the interests of justice, the court will permit plaintiff's notice on how to proceed to be filed and reviewed nunc pro tunc, and the magistrate judge assigned to this action will be directed to permit plaintiff to file an amended complaint within a reasonable amount of time.

I. RELEVANT FACTS.

On May 18, 2021, the magistrate judge assigned to this action screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and determined that several of the claims raised therein were not cognizable. See ECF No. 7 at 11. As a result, plaintiff was given the option of either proceeding on the viable claims or filing an amended complaint, and he was given fourteen days to inform the court of his decision via an attached form labeled "Plaintiff's Notice on How to Proceed." See id. at 12. The order clearly warned that plaintiff's failure to file the notice on how to proceed would result in a recommendation that certain defendants and claims be dismissed. See id. at 11. The same day, a copy of the order and notice form were electronically mailed to Attorney Benjamin Rudin, plaintiff's counsel of record. See ECF No. 7 (NEF receipt).

Two weeks later, counsel for plaintiff had not filed the notice on how to proceed on behalf of plaintiff. Three weeks later, on June 9, 2021, having still not received a response of any kind from Attorney Rudin on plaintiff's behalf, the magistrate judge issued the instant findings and recommendations. ECF No. 11. The next day, Attorney Rudin filed objections to the magistrate's findings on behalf of plaintiff along with a related corrected proposed order which prompts the court to "sustain" plaintiff's objections. See ECF Nos. 12, 13. Also enmeshed within the objections filing is Attorney Rudin's declaration (ECF No. 12-1) which makes an "excusable neglect" argument pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for not having timely filed plaintiff's notice on how to proceed, as well as a request for an extension of time to file it (see ECF No. 12 at 3-6).

////

2

Shortly thereafter, Attorney Rudin filed a notice on how to proceed on plaintiff's behalf. See ECF No. 14. The court considers the objections, extension request, proposed order and the late-filed notice herein.

II. DISCUSSION

  A. Applicable Law

Federal Rule of Civil Procedure 6(b)(1)(B) enables the court to, for good cause, extend the time for a litigant to file a document after the time to do so has expired if the litigant failed to act because of excusable neglect. It states in relevant part:

> (b) **Extending Time.**
>   (1) **In General.** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>   . . . .
>   (B) on motion made after the time has expired if the party failed to act because of *excusable neglect*.

Fed. R. Civ. P. 6(b)(1)(B) (italics added).

In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court provided factors to consider when determining whether neglecting to meet court-ordered deadlines was excusable. They are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (2) the reason for the delay, and (4) whether the movant acted in good faith. See Pioneer, 507 U.S. at 395; see also In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 973 (9th Cir. 2007) (citing Pioneer).

  B. Analysis

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, for the reasons stated below, the court finds the findings and recommendations to be supported by the record and by proper analysis. It agrees with the magistrate judge's substantive findings that only Claims One and Two raised against defendants Jimenez, Troth and Orpesa are cognizable. See ECF No. 7 at 11. Furthermore, the magistrate's recommendations were properly issued given

that: (1) plaintiff's counsel failed to timely respond to the court's order to inform it whether plaintiff wished to proceed on the viable claims in the complaint or amend it; (2) plaintiff's counsel failed to timely move for an extension of time to file the notice, and (3) the court is not convinced that Attorney Rudin's failure to do either constitutes Federal Rule of Civil Procedure 6(b)(1)(B) "excusable neglect" as fleshed out in Pioneer. However, as discussed below, the interests of justice warrant the court's review of plaintiff's late-filed notice on how to proceed. They also warrant plaintiff being given an opportunity to file an amended complaint.

1. "Excusable Neglect" Under Federal Rule of Civil Procedure 6(b)(1)(B) Not Found

Having reviewed Attorney Rudin's declaration in support of plaintiff's objections to the magistrate's recommendations that certain claims and defendants be dismissed (see ECF No. 12-1), the court is not convinced that counsel's failure to effectively communicate with his client – and with the court, for that matter – in a prompt and effective manner constitutes "excusable neglect" warranting a grant of an extension of time to file and consider plaintiff's notice on how to proceed and a decision not adopt the magistrate's findings and recommendations (see generally ECF No. 12 at 3-6). Indeed, the third Pioneer factor to consider, namely, the reasons for the delay in plaintiff's filing of the notice to proceed that have been provided by Attorney Rudin in his declaration (see ECF No. 12-1), are unpersuasive at best and wax plaintive at worst.

Ultimately, Attorney Rudin blames the slow nature of the U.S. Mail, or "snail mail" as he so informally calls it (see ECF No. 12 at 5, 6), as well as his failure to "anticipate a need for more communication [with plaintiff]" than a single exchange of letters, and/or his failure to set up a confidential phone call with plaintiff to timely determine how plaintiff wanted to proceed with his complaint as reasons why the notice was not filed within the court-ordered two-week time frame. See generally ECF No. 12-1 (brackets added). Because of these failings, the instant findings and recommendations issued.

While the reasons counsel presents for not having filed plaintiff's notice on how to proceed within the time allotted are understandable, they do not rise to the level of "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B) to warrant a grant of an extension of

time to file the notice. This is because irrespective of the fact that Attorney Rudin received a response from plaintiff about the court's screening order and/or how plaintiff wished to proceed on May 27, 2021 – a mere five days before the fourteen-day period was to expire – from the day the screening order issued, counsel always had the option of requesting an extension of time to file the notice. Curiously enough, although counsel acknowledges the fact that he could have done this on plaintiff's behalf prior to the expiration of the fourteen-day period (see ECF No. 12-1 at 3), he fails to state why he did not do so (see generally ECF No. 12-1).

Each year, thousands of prisoners who are indigent and unable to afford counsel – the vast majority of whom only have a high school education or less – file their cases in this court with the hope that they will receive justice. Despite their lack of resources, post-secondary education, and legal representation, most of them manage to file motions for extensions of time in their cases when necessary, and they do so in a timely manner. In this case, Attorney Rudin could have done the same. No acceptable excuse has been offered on his part that indicates otherwise. See generally ECF No. 12-1.

For these reasons, the court does not find that Attorney Rudin's reasons for failing to timely file a request for an extension of time to file plaintiff's notice on how to proceed constitute the "excusable neglect" that permits a grant of an after-the-fact extension of time to do so under Federal Rule of Civil Procedure 6(b)(1)(B). Accordingly, counsel's request to receive an extension of time based on this ground will be denied.

2. Interests of Justice Warrant Grant of Extension of Time Nunc Pro Tunc

Despite the aforementioned determination, the court does agree with Attorney Rudin's statement that plaintiff should not lose his opportunity due to Rudin's inexcusable mistake. See ECF No. 12 at 6. Accordingly, the court finds that the interests of justice independently warrant plaintiff's notice on how to proceed to be filed and reviewed nunc pro tunc. To that end, the magistrate judge's findings and recommendations will be not be adopted in order to permit plaintiff to file an amended complaint. To that end, the magistrate judge will be directed to issue an order that gives plaintiff a reasonable amount of time to do so.

////

5

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued June 9, 2021 (ECF No. 11), are NOT ADOPTED, and;

2. Plaintiff's request for an extension of time to file the notice on how to proceed pursuant to the "excusable neglect" provision of Federal Rule of Civil Procedure 6(b)(1)(B) (see ECF No. 12 at 3-6) is DENIED.

IT IS FURTHER ORDERED that:

1. The interests of justice warrant permitting plaintiff's untimely filed notice on how to proceed (see ECF No. 14) to be reviewed and considered nunc pro tunc, and

2. The magistrate judge assigned to this action is directed to promptly review and consider plaintiff's notice on how to proceed (ECF No. 14) and, thereafter, to permit plaintiff to file an amended complaint within a reasonable amount of time.

DATED: June 28, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE